UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANTE B. MAGDALUYO, JR., | |
| Plaintiff, | Case No. 2:14-cv-01806-RFB-GWF |
| vs. | **ORDER** |
| MGM GRAND HOTEL, LLC, et al., | **Motion to Compel (#103) and** |
| Defendants. | **Motion for Sanctions (#104)** |

This matter is before the Court on Plaintiff's Second Motion to Compel Discovery (#103) and for Sanctions (#104), filed on March 14, 2016. Defendant filed its Opposition (#113) on March 31, 2016, and Plaintiff filed his Reply (#116) on April 11, 2016.[1]

**BACKGROUND**

Plaintiff Dante Magdaluyo, Jr., who represents himself in this action, is employed as a dealer at Defendant MGM Grand Hotel casino. In his second amended complaint, Plaintiff alleges that he has been the victim of a conspiracy by his superiors and co-workers to subject him to a course of discrimination, harassment, invasion of privacy, retaliation and defamation which resulted in the intentional infliction of emotional distress. *See Second Amended Complaint (#21).* Defendant filed a motion to dismiss for failure to state a claim which was granted, in part, and denied, in part, on March 24, 2016. Plaintiff's harassment claims under N.R.S. 200.571 and N.R.S. 33.240 were dismissed, Plaintiff's invasion of privacy claim under the Fourth Amendment was dismissed, but that claim was allowed to proceed under Nevada law, and Plaintiff's remaining claims were allowed to proceed. *See Minute Order (#112).*

---

[1] The Court has also considered Plaintiff's Supplemental Exhibits to his Reply (#123) filed on April 28, 2016.

On January 5, 2016, Plaintiff filed his first motion to compel regarding requests made in his First and Second Set of Requests for Production of Documents. Plaintiff's requests sought production of multiple surveillance video recordings depicting incidents which occurred from November 2013 through August 2015.[2] Plaintiff's motion to compel also sought sanctions against Defendant for spoilation of evidence. The Court found that Defendant failed to preserve the surveillance video depicting an incident that occurred on November 28, 2013 and sanctioned Defendant by giving a jury instruction that the video would have been favorable to Plaintiff's allegations. *Order (#95), pg. 8*. The Court also found that Defendant had a duty to investigate the alleged incident on December 11, 2013 and if it occurred, Defendant should have preserved that video as well. *Id*. The Court sanctioned Defendant by giving a jury instruction that Defendant had a duty to preserve the surveillance video from December 11, 2013 and allowed the jury to draw a favorable inference for Plaintiff if they so chose. *Id*. The remainder of Plaintiff's motion was denied. *Id*.

Plaintiff has now brought a second motion to compel regarding requests made in his Third, Fourth, Fifth, and Ninth Set of Requests for Production of Documents.[3] Plaintiff's Third Set of Requests sought diagrams of the entire "Mansions Casino," diagrams of all employee areas, and the location of all surveillance cameras. *Motion to Compel (#103-1), pg. 36, Exhibit 11*, Request Nos. 1 and 2. Defendant first objected to Plaintiff's requests on the grounds that the requests were untimely

---

[2] *See* Order (#95) for a more detailed description of the video recordings that were in dispute.

[3] Plaintiff's motion states that he seeks to compel responses to his Sixth Request for Production of Documents. However, he states "Plaintiff's request for production set 6 has been produced, which calls for the a [sic] video of Plaintiff's pre-shift meeting." *Motion to Compel (#103), pg. 12, lns. 2–3*. Plaintiff's motion also briefly addresses his Seventh Request for Production of Documents. In his reply, Plaintiff asserts that due to the page limitation provided by the local rules, he was unable to set forth the full text of this request in the body of the motion, but that he included the full text in an exhibit. *Reply (#116), pg. 31*. However, Plaintiff failed to attach his Seventh Request for Production of Documents to any of his exhibits to his motion or to his reply. Plaintiff only briefly discussed his Seventh Set of Requests and was inconsistent with whether Defendant ever responded or objected to the request. Therefore, the Court will not consider Plaintiff's request made in his Seventh Request for Production of Documents. *See Agarwal v. Oregon Mut. Ins. Co.,* 2013 WL 211093 (D.Nev. 2013) (denying a motion to compel for failure to comply with procedural requirements including this in LR 26-7(a)).

because they were served on January 30, 2016.[4] Defendant also objected to these requests on the basis that they are not relevant to Plaintiff's Title VII claims. Plaintiff asserts that the diagrams and locations of the surveillance cameras are relevant to show that the alleged incidents occurred in Defendant's premises and Plaintiff needs the diagrams "to prove his credibility." *Id., pg. 17.* Defendant represents that it does not dispute that Plaintiff's complaints all involve incidents that allegedly occurred on Defendant's premises. Rather, Defendant disputes whether they occurred at all. *Opposition (#113), pgs. 7–8.* Finally, Defendant asserts that information regarding the diagrams and locations of the surveillance cameras is sensitive and "justifiably protected and strongly restricted" by Defendant. *Id., pg. 8.*

Plaintiff's Fourth Request for Production of Documents requested Defendant to produce "MGM Grand Hotel, LLC's Written Policy on Surveillance and Litigation manual." *Motion to Compel (#103-1)*, pg. 40, *Exhibit 11,* Request No. 1. Plaintiff further explained that he was referring to the surveillance plan required by the Nevada Gaming Commission Regulations. *Id.*, *at pg. 19.* Defendant objected to this request on the grounds that the written casino surveillance system plan is irrelevant and the information it contains is "private, sensitive and restricted." *Opposition (#113), pg. 9.* Plaintiff argues that he is entitled to this information because "If employer violated their own surveillance company policy, the court will have a reason to find Defendant liable for their actions." *Motion to Compel (#103), pg. 19.* Defendant asserts that whether it adhered to its surveillance plan is not relevant nor an issue in this case. *Opposition (#113), pg. 9.* Moreover, Defendant asserts that this information is highly sensitive and its production would compromise the "security and integrity of the game." *Id., at pg. 10*.

Plaintiff's Fifth Request for Production of Documents requested documents relating to employee written and telephonic complaints made to Defendant's Human Resources department against nine listed supervisors. *Motion to Compel (#103-1)*, *pg. 44, Exhibit 11,* Request No. 1. Defendant objected on the basis that this information is irrelevant and overbroad, but notwithstanding

---

[4] Plaintiff represents that he initially served his Third Set of Requests for Production of Documents on December 1, 2015. However, Defendant claimed that it never received it. Thereafter, Plaintiff sent the Third Set of Requests via certified mail on January 30, 2016. *Motion to Compel (#103), pg. 16.*

its objection Defendant responded that there were no documents responsive to Plaintiff's request. *Opposition (#113), pg. 11*. However, Plaintiff asserts that these complaints exist and are relevant because "[a]ny evidence of employer's overall employment practices maybe [sic] essential to Plaintiff's prima facie case." *Motion to Compel (#103), pg. 20, lns. 21–22*.

Plaintiff's Ninth Request for Production of Documents requests Defendant produce the surveillance video recording and any documents relating to an incident that occurred on February 3, 2016. *Motion to Compel (#103-1), pg. 48, Exhibit 11,* Request Nos. 1 and 2. Defendant objected on the sole basis that these requests were not served on Defendant until February 4, 2016, which was less than 30 days before the discovery cut-off— February 15, 2016. *Opposition (#113), pg. 14.* Plaintiff asserts that this incident will show the existence of an ongoing conspiracy to get Plaintiff fired. Furthermore, he asserts that the incident occurred within the discovery period and refusal to produce this video recording will result in prejudice to Plaintiff and his case. *Motion to Compel (#103), pg. 22–23*.

Plaintiff also seeks sanctions due to Defendant's failure to produce documents requested in the aforementioned requests. He specifically requests that the Court impose monetary sanctions for costs incurred in bringing this motion to compel. Plaintiff further requests that the Court enter a default judgment in favor of Plaintiff. *Motion to Compel (#103), pg. 24*.

## DISCUSSION

### I.     Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) governs discovery's scope and limits. In pertinent part, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 defines relevant information as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Supreme Court states that Rule 26 affords liberal discovery. *Seattle Times, Co. v. Rhinehart,* 467 U.S. 20, 34 (1984). Liberal discovery "serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993).

. . .

When a party resists discovery, the requesting party may file a motion to compel. Rule 37 governs motions to compel, and provides that a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory submitted under Rule 33" or "fails to respond" to a request under Rule 34. Before moving to compel, Rule 37 requires the movant to include a certification that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery before seeking judicial intervention. Fed. R. Civ. P. 37(a)(1); *see also* LR 26–7(b); *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D.Nev.1996) (discussing the District of Nevada's meet-and-confer requirements).

The heavy burden of showing why discovery should be denied rests with the party resisting discovery. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). The resisting party must show that the discovery request is overly broad, unduly burdensome, irrelevant or disproportional in light of "the issues at stake." Fed. R. Civ. P. 26(b)(2)(C); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir.1992). To meet this burden, the resisting party must specifically detail the reasons why each request is improper. *Beckman Indus.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). Boilerplate, generalized objections are inadequate and tantamount to making no objection at all. *Id.* When a request for discovery is overly broad on its face or when relevancy is not readily apparent, however, the party seeking the discovery has the burden to show the relevancy of the request. *Rezaq v. Nalley*, 264 F.R.D. 653, 656 (D.Colo.2010); *see also Dolfo v. Bank of America*, N.A., 2013 WL 1316705 (S.D.Cal. Mar. 29, 2013) ("Once the moving party establishes that the information is [relevant], the burden shifts to the opposing party to specify how the discovery request is irrelevant, overly broad, burdensome, or oppressive.") (citations omitted).

The court has broad discretion in controlling discovery, *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988), and in determining relevancy for discovery purposes. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002). Furthermore, the court may fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Board. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir.1982) cert. denied, 457 U.S. 1118 (1982).

**A.     Relevance**

As indicated above, a party may obtain discovery regarding any nonprivelged matter that is relevant to any party's claim or defense and a court may, for good cause, "order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).  Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Under this standard, relevance is broadly interpreted for purposes of admissibility. *United States v. Pollard*, 790 F.2d 1309, 1312 (7th Cir.1986); *United States v. Miranda–Uriarte*, 649 F.2d 1345, 1353 (9th Cir.1981).

At issue here are Plaintiff's Fourth and Fifth Set of Requests for Production of Documents. Plaintiff's Fourth Set of Requests sought Defendant's "Written Policy on Surveillance and Litigation manual" which Defendant submits to the Nevada Gaming Commission.  The relevance of this request is not readily apparent.  Plaintiff argues that the surveillance plan is relevant to show that Defendant violated its own policy regarding video retention when it failed to preserve all videos related to Plaintiff's Human Resources complaints.  Plaintiff, therefore, asserts that this violation would permit the Court to find in his favor.  Defendant argues that whether it complied with its surveillance plan is not an issue in this case because this matter deals with Title VII harassment and discrimination claims.  Furthermore, Defendant asserts that this surveillance plan is highly confidential. "Confidentiality in and of itself is not a legitimate grounds of objection." *Collins v. NDOC,* 2014 WL 4656232, at *3 (D.Nev. Sept. 17, 2014).  "[M]erely because the Defendants assert a document may be 'confidential' will not govern discoverability in a federal court action, particularly where the objecting party fails to state why or how the document is confidential nor cite any relevant federal discovery authority which upholds such an assertion of confidentiality and that discovery or review of such a document is precluded." *Id.*  Generally, "any assertion of a document's confidentiality is resolved via a protective order." *Id.*  Defendant has not sought a protective order regarding the surveillance plan requested in Plaintiff's fourth set of requests.

Confidentiality notwithstanding, the Court is not persuaded that this information is relevant to Plaintiff's case.  Plaintiff's second amended complaint asserts claims of discrimination, harassment,

retaliation and defamation arising under Title VII. It is not a case against Defendant for failure to comply with its surveillance plan. In addition, the only portion of Defendant's policies and procedures regarding surveillance that the Court finds relevant — that dealing with video retention — has already been produced. *See Response to Motion to Compel (#91-2), Ex. 7.* There is no reason to believe that the remainder of Defendant's surveillance policy or the location of the surveillance cameras would be relevant to either party's claims or defenses. There is no dispute between the parties as to whether a certain surveillance camera actually covered an area where an alleged incident occurred. Rather, Defendant disputes that the alleged incidents Plaintiff refers to actually occurred and asserts that Plaintiff never provided Defendant with sufficient notice in order to retain the video recordings. For these reasons, the Court will therefore uphold Defendant's objection and Defendant is not required to respond to Plaintiff's Fourth Request for Production of Documents.

Plaintiff's Fifth Set requests "employee written and telephonic complaints to MGM Human Resources" against nine listed supervisors. Plaintiff asserts that this information is relevant to show that Defendant's overall employment practices are consistent with the type of discrimination his complaint alleges. Defendant responded that after a diligent search of its records regarding the nine enumerated supervisors, it found no documents responsive to Plaintiff's request. While this information may be relevant to Plaintiff's case, the Court has no reason to doubt Defendant's sincerity. Therefore, the Court will take Defendant at its word that it does not possess documents responsive to Plaintiff's Fifth Set of Requests.

### B. Timeliness of Discovery Requests

Discovery requests must be made in a timely fashion. A party served with interrogatories, requests for admissions or requests for production must respond within 30 days after being served with the discovery requests. Fed. R. Civ. P. 33(b)(2), 34(b)(2) and 36(a)(3). This Court has previously held that in order for discovery requests to be timely, the requesting party must serve them at least 30 days before the discovery cutoff in order to allow the other party sufficient time to respond. *Andrews v. Raphaelson*, 2007 WL 160783, *6 (D.Nev. Jan.12, 2007) (noting that service of requests less than 30 days before the discovery cut-off date constitutes unreasonable delay as the requesting party "should have commenced their general written discovery well before the discovery cut-off

date"). This Court is not alone in finding that discovery requests served less than 30 days prior to the discovery deadline are untimely. *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir.2003) (stating that discovery requests served on the date of discovery cut off would be untimely); *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D.Miss.1990) (holding interrogatories served six (6) days prior to the discovery cut off were untimely); *Brooks v. Johnson & Johnson*, 1990 U.S. Dist. LEXIS 8144, *3, 1990 WL 92569 (E.D.Pa. June 28, 1990) (holding requests for discovery must be made with "sufficient time to allow the answering party to respond before the termination of discovery"); *Northern Indiana Public Serv. Co. v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N.D.Ind.1986) (stating that it is "common sense" that requests must be made with sufficient time to respond before the deadline).

Under this 30 day requirement, discovery requests should have been served prior to January 15, 2016 in order to be timely. Plaintiff's Third Set of Requests for Production of Documents was served on January 30, 2016 — 15 days prior to the close of discovery. While Plaintiff asserts that he initially served his Third Set of Requests on December 1, 2015, he cannot provide the Court with sufficient evidence to accept that assertion as true. The certificate of service attached to his original Third Set of Requests for Production of Documents defined the document as "Plaintiff's Request For Production Or Inspection Of Premises," *Exhibit 13,* but all of Plaintiff's other certificates of service defined the requests by their respective numbers. *See Motion to Compel (#103-1), Exhibit 11.* Therefore, the Court finds that Plaintiff's Third Set of Requests is untimely. The Court will uphold Defendant's timeliness objection and Defendant is not required to respond to Plaintiff's Third Set of Requests for Production of Documents. The Court, therefore, finds no need to address Defendant's additional objections to that request.

Plaintiff's Ninth Set of Requests for Production of Documents was served on February 4, 2016 — 11 days prior to the close of discovery. These requests deal with an incident that occurred on February 3, 2016. Plaintiff asserts that these requests should be considered timely as the incident occurred during the discovery period and is relevant to his case. Plaintiff further asserts that he would be prejudiced if Defendant was not ordered to produce the surveillance videos relating to this incident. The Court agrees. Considering Defendant's ongoing duty to preserve evidence and

Plaintiff's prompt request of these videos, the Court will order Defendant to respond to Plaintiff's Ninth Set of Request for Production of Documents.

## II.     Motion for Sanctions

District Courts have "inherent power to control their dockets" and may "impose sanctions including, where appropriate, default or dismissal." *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). Federal Rule of Civil Procedure 37(b)(2)(A)(vi) provides that where a party "fails to obey an order to provide or permit discovery," the district court may impose sanctions by "rendering a default judgment against [it]." Dismissal is available in appropriate cases "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam).

Here, the imposition of terminal sanctions is not yet warranted. Defendant has yet to be ordered to provide or permit discovery and as such, is not in violation of such an order. If Defendant fails to comply with this Court's order, then sanctions may be deemed appropriate. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Compel Discovery (#103) is **granted**, in part, and **denied**, in part, as follows:

1.     Defendant shall respond to Plaintiff's Ninth Set of Requests for Production of Documents within thirty (30) days from the date of this order.

2.     Plaintiff's motion is otherwise denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (#104) is **denied** without prejudice.

DATED this 9th day of May, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge