# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

DANTE B. MAGDALUYO, JR.,

Plaintiff,

v.

MGM GRAND HOTEL, LLC,

Defendant.

Case No. 2:14-cv-01806-APG-GWF

**ORDER REJECTING JOINT PRETRIAL ORDER**

(ECF No. 175)

The parties' joint pretrial order does not comply with the Local Rules in several respects. The requirements set forth in Local Rules 16-3 and 16-4 are designed to streamline the trial preparation and presentation, and to foster settlement. The parties are to seriously think about their trial presentations (e.g., witnesses and exhibits) and then confer about how to present the trial efficiently. The proposed joint pretrial order instead seems to take the "kitchen sink" approach (i.e., "throw in everything, including the kitchen sink").

The parties agree that the trial will last two to three days. I agree, given the very narrow scope of this trial. Nevertheless, the parties jointly list 31 witnesses, the plaintiff lists an additional 107 witnesses, and the defendant lists an additional 12 witnesses. Obviously, the parties cannot call anywhere near that many witnesses at a three-day trial. The parties must confer about and then list only those witnesses they truly intend to call at trial. If there are a few additional witnesses that truly <u>may</u> be called (but about whom the parties are presently unsure), they may be listed as a precaution.

The parties agree that they do not anticipate using any particular deposition transcripts. ECF No. 175 at 7. Nevertheless, the plaintiff's exhibit list includes several deposition transcripts. *Id.* at 26-27. Even if depositions are to be used at trial, the plaintiff's list designates entire deposition transcripts, rather than the specific page and lines. Such vague, broad

designations of exhibits and deposition transcripts make it impossible for the other party to effectively object. The deposition transcripts shall either be removed from the exhibit list or be modified to include specific page and line numbers.

The plaintiff's exhibit list also attempts to "reserve[] the right to offer [into] evidence any pleadings, motions, orders, exhibits, objections, responses, and replies and any other documents filed in the in-court's (sic) docket system." Parties are required to disclose their specific trial exhibits and cannot "reserve their rights" or refer vaguely to "any exhibits."

Probably due to the untimely disclosure of exhibits, the parties have not identified their objections to each other's exhibits. The Local Rule requires the parties to specify their objections. The parties shall include them in their revised, proposed joint pretrial order.

IT IS ORDERED that the parties' Joint Pretrial Order (**ECF No. 175) is REJECTED.** The parties shall personally confer as required in Local Rule 16-3, and submit a revised joint pretrial order by June 5, 2017.

DATED this 12th day of May, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE