# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANTE B. MAGDALUYO, JR., | Case No.: 2:14-cv-01806-APG-GWF |
| Plaintiff | **Order Sustaining Plaintiff's Objections in Part and Denying Plaintiff's Motion for "Reclarification"** |
| v. | |
| MGM GRAND HOTEL, LLC, | [ECF Nos. 220, 221] |
| Defendant | |

In October 2014, pro se plaintiff Dante Magdaluyo filed this lawsuit against MGM Grand Hotel, alleging that MGM directed its employees to engage in an extended campaign of harassment against him. In his second amended complaint, Magdaluyo brought claims for discrimination and retaliation under Title VII of the 1964 Civil Rights Act, defamation, workplace violence, intentional infliction of emotional distress (IIED), and numerous counts of invasion of privacy. ECF No. 21.

In February 2017, I granted MGM's motion for summary judgment on Magdaluyo's Title VII, defamation, workplace violence, and IIED claims, and on all but one of his invasion of privacy claims. ECF No. 159. I construed one of those claims as alleging intrusion upon seclusion, and denied MGMs' summary judgment motion as to that claim. The parties eventually settled that claim and Magdaluyo voluntarily dismissed it, with "each party to bear its own attorneys' fees and costs." ECF Nos. 199, 200.

Upon entry of the clerk's judgment, MGM filed its bill of costs under Rule 54(d). ECF No. 204. Weeks later Magdaluyo filed his own bill of costs and an objection to MGM's. ECF Nos. 205, 208. The Clerk awarded $9,396.70 in costs to MGM and nothing to Magdaluyo. ECF

Nos. 214, 216. Magdaluyo filed an objection and "motion for reclarification" disputing both of the clerk's awards. ECF Nos. 220, 221.

Because Magdaluyo is not the prevailing party in this case and because his bill of costs was untimely, I overrule Magdaluyo's objections to the clerk's decision to not award his costs. And while MGM is entitled to some of its costs, various considerations weigh in favor of awarding only a portion of the amount MGM seeks. So I sustain in part Magdaluyo's objections to MGM's bill of costs and deny the motion for "reclarification" as moot.

# I.    DISCUSSION

## A.    Peremptory Challenge

Before I address Magdaluyo's specific objections, I must first dispose of his contention that I am biased against him and should be removed from this case. In April 2017, Madgaluyo filed a "Motion for Reclarification of Plaintiff's Peremptory Challenge of Judge," in which he conclusorily contended that I was prejudiced against him. ECF No. 174. I denied that motion, explaining that "the plaintiff does not have a right to make a peremptory change of the judge. That mechanism exists in the Nevada state court system, not in this federal court." ECF No. 177.

Magdaluyo now contends that denying his peremptory challenge shows that I am biased against him for three reasons. Construed liberally, he first argues that I should have treated his motion as one for disqualification under 28 U.S.C. § 455. And because I failed to notice that he was seeking this relief, and not a peremptory challenge, I have shown my bias against him. He also contends that I engaged in ex parte communications with MGM before ruling on his peremptory challenge motion. Finally, Magdaluyo argues that my summary judgment ruling shows bias against him. He therefore contends that I should not have been the judge presiding over this case, and my summary judgment ruling in favor of MGM should not have been entered.

Even if I were to consider Magdaluyo's motion as one for disqualification, I would have denied it. Under 28 U.S.C. § 455, "any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." I should also disqualify myself if I have a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). A motion to disqualify "must be decided by[] the very judge whose impartiality is being questioned." *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994). I must determine "whether a reasonable person with knowledge of all the facts would conclude that my] impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citing *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). Alleged bias cannot be based solely on information gained in the course of judicial proceedings; it must arise from an extra-judicial source. *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004).

My denial of Magdaluyo's peremptory challenge motion does not implicate my impartiality. His initial attempt to disqualify me included only the conclusory statement that I am "prejudiced" against him. *See* ECF Nos. 164, 174. He did not provide any evidence of bias arising from extra-judicial sources.

Magdaluyo's new assertions of bias would also not cause a reasonable person to question my impartiality. Magdaluyo alleges that I engaged in ex parte communications with MGM when I denied his peremptory challenge motion. Magdaluyo apparently told MGM's counsel that he was going to file a peremptory challenge. ECF No. 220 at 11. MGM's counsel responded that peremptory challenges of judges could take place only in state court, not federal court. Because I later denied his motion for that same reason, Magdaluyo concludes that MGM must have told me

1  to rule that way.  But the fact that I and MGM's counsel both relayed the same accurate

2  statement of law to Magdaluyo does not demonstrate bias or the existence of ex parte

3  communications.  It is simply a fact that this federal court does not allow peremptory challenges

4  against judges.

5      Finally, Magdaluyo contends that I showed prejudice against him when I granted MGM's

6  summary judgment motion.  But the fact that I ruled against Magdaluyo does not constitute a

7  valid basis for disqualification.  If every denial of a motion gave rise to disqualification, almost

8  no judge could ever sit on a case to its conclusion.  Magdaluyo presents no valid arguments to

9  conclude that a reasonable person would question my impartiality in this case.

10      **B.      Review of Costs Awards**

11      Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a

12  court order provides otherwise, costs—other than attorney's fees—shall be allowed to the

13  prevailing party."  I have discretion to refuse to award costs, but "Rule 54(d) creates a

14  presumption for awarding costs to prevailing parties; the losing party must show why costs

15  should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir.

16  2003).  I must specify reasons for any refusal to tax costs to the losing party, but I do not need to

17  specify reasons if I decide "to abide the presumption and tax costs to the losing party." *Id.* at 945.

18  "Appropriate reasons for denying costs include: (1) the substantial public importance of the case,

19  (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar

20  actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the

21  parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014).  This is

22  not an exhaustive list, "but rather a starting point for analysis." *Id.* (citing *Ass'n of Mexican-*

23  *American Educ. v. State of Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc)).

### 1. MGM's Bill of Costs

Magdaluyo contends that he is indigent, the economic disparity between the parties weighs in favor of denying MGM's costs, and awarding costs against a pro se plaintiff in a civil rights case would risk chilling similar litigation against large corporations. He also argues that he believed the settlement he reached with MGM included the stipulation that each party would bear its own costs for all of the claims in the lawsuit, not just the intrusion upon seclusion claim that they settled. He states that he would not have agreed to the settlement if that were not the case, and accuses MGM of abusing his pro se status by not explaining its intentions during settlement discussions. Lastly, Magdaluyo lists specific objections to each of MGM's itemized costs.

Magdaluyo provides no evidence of his indigence. He states in his unverified brief that he had to borrow approximately $20,000 to proceed with this lawsuit and that the settlement he received from MGM was insufficient to cover his expenses and his "emotional distress." This unsupported assertion is insufficient to prove indigence. *See e.g., TerryBerry v. Liberty Mut. Fire Ins. Co.*, 2015 WL 5673496, at *2 (D. Nev. Sept. 3, 2015), *report and recommendation adopted*, 2015 WL 5682694 (D. Nev. 23, 2015); *Thomassoon v. FGC Servs. Ltd. P'Ship*, 2007 WL 3203037, at *4 (S.D. Cal. Oct. 29, 2007) (holding that courts need not reduce an award of costs based on indigency "absent substantial documentation of a true inability to pay"). Magdaluyo was denied *in forma pauperis* status in this lawsuit become he maintains a steady income as an MGM poker dealer (a position he still holds) and has some savings. ECF No. 3. Magdaluyo has not provided any evidence that negates his ability to pay.

However, numerous factors warrant reducing MGM's costs. While Magdaluyo fails to demonstrate indigence, the economic disparity between MGM and one of its poker dealers is

obvious and substantial. And Magdaluyo's lawsuit involves claims of discrimination and

retaliation under Title VII. A large award of costs against a pro se civil rights litigant creates a

substantial risk of chilling valid discrimination and retaliation claims against large employers.

The terms of settlement in this case are also a cause for concern. As part of that

settlement, Magdaluyo maintained his right to appeal my summary judgment order. I granted the

parties' stipulation of voluntary dismissal, which stated that Magdaluyo's intrusion upon

seclusion claim be "dismissed with prejudice, each party to bear its own attorney's fees and

costs." MGM contends that qualifier applied only to the attorney's fees and costs MGM incurred

to defend the intrusion upon seclusion claim, and that it did not apply to the costs MGM incurred

defending the other claims through summary judgment. Magdaluyo contends that he believed

the agreement applied to all fees and costs in this case. He was "surprise[d]" when MGM filed

its bill of costs after the settlement. ECF No. 220 at 6. He contends that had he known that

MGM was still entitled to costs for the other claims, "the outcome of the settlement would have

been different."[1] *Id.* at 4. However, Magdaluyo somewhat undercuts his position by seeking

costs himself, but he explains that he did so in response to MGM's bill of costs. *Id.* at 6.

I agree with Magdaluyo that the settlement term regarding each side bearing their own

costs could be confusing. Magdaluyo reasonably could have believed the parties agreed to not

seek any costs as further consideration for dropping his last claim. The stipulation of voluntary

dismissal was not clearly limited to the costs incurred defending only the settled claim.

---

[1] Magdaluyo also contends that MGM was not the prevailing party and therefore should not be awarded costs. MGM prevailed on ten of Magdaluyo's eleven claims when I granted it summary judgment on those claims. Because Magdaluyo's last claim settled with each party to bear its own costs, it is certain that neither party can seek costs as to that claim.

Last, a cursory review of MGM's costs shows that many are unsupported or barred by this court's local rules. For example, MGM seeks $494.65 of copying costs. Local Rule 54-6 requires that copying costs must be itemized "with a detailed description of the specific nature of the costs, and when available, documentation to support the costs." MGM does not explain what those copies were for. The receipts MGM attaches to its bill of costs provide no explanation either. MGM also seeks $172.50 for hearing transcripts, but does not show that those transcripts were requested by the court or prepared under a stipulation approved by the court in compliance with Local Rule 54-3.

For all of these reasons, namely the economic disparity between the parties, the fear of chilling civil rights litigation, the unclear terms of the settlement agreement, and MGM's poorly supported costs, awarding MGM the full $9,396.70 it seeks is unwarranted. However, because MGM was the prevailing party on the majority of Magdaluyo's claims and because Magdaluyo has not shown that he is unable to pay any costs, I award MGM $2,000 in costs against Magdaluyo. This amount strikes the proper balance between the presumption in favor of awarding MGM's costs and the discretionary factors I have considered.

## 2. Magdaluyo's Bill of Costs

Magdaluyo asserts that he is entitled to an award of $15,590.25 in costs. But Magdaluyo is not a prevailing party here. MGM prevailed on all but one of Magdaluyo's claims at summary judgment. And despite any confusion about how the settlement agreement affected costs for other claims, the stipulation of dismissal undeniably required each party to bear its own costs for the intrusion upon seclusion claim. Even if Magdaluyo could be considered a prevailing party, Magdaluyo's bill of costs was untimely. That alone is a sufficient reason to deny his request. I overrule Magdaluyo's objection to the clerk's refusal to award him costs.

## II.    CONCLUSION

IT IS ORDERED that plaintiff Dante Magdaluyo's objections to the clerk's award of

MGM's costs **(ECF No. 220) are SUSTAINED in part**.  **MGM's bill of costs award is**

**reduced to $2,000.**  Magdaluyo's objections regarding his bill of costs are **OVERRULED.**

IT IS FURTHER ORDERED that Magdaluyo's "motion for reclarification" **(ECF No.**

**221) is DENIED as moot.**

Dated this 16th day of July, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE